1999 ND 62

**Reed SILVESAN, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**Nos. 980002, 980330.**

Supreme Court of North Dakota.

April 6, 1999.

Wayne D. Goter, Bismarck, for petitioner and appellant.

Jonathan R. Byers, Assistant Attorney General, Bismarck, for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Reed Ray Silvesan appealed the district court's denial of his second application for post-conviction relief and the denial of post-conviction relief on supplemental issues. We conclude res judicata and abuse of process bar Silvesan's claims, and we affirm.

I

[¶ 2] On June 20, 1995, the district court (the Honorable William W. McLees) issued a judgment and commitment upon Silvesan's plea of guilty to the offense of gross sexual imposition in violation of N.D.C.C. § 12.1–20–03(1)(d).

[¶ 3] Silvesan filed an application for post-conviction relief. Silvesan asserted he had not had counsel appointed, had not validly waived counsel, the contents of a presentence investigation report were not timely disclosed to him, and he was not advised of his right to remain silent at his initial appearance. Silvesan sought withdrawal of his plea of guilty, the appointment of counsel, and a jury trial. On December 1, 1995, the district court (the Honorable Gerald Rustad) issued an order concluding "the requests of the Defendant are without merit in fact or law," and denying Silvesan's application for post-conviction relief. No appeal was taken.

[¶ 4] Silvesan filed a second application for post-conviction relief. In that application, Silvesan alleged (1) he had been denied his right to be heard at sentencing; (2) prosecutorial misconduct; (3) the trial court failed to comply with N.D.R.Crim.P. 11; (4) the trial court violated Silvesan's plea agreement; (5) he had been denied counsel, without a know-ing and intelligent waiver of counsel; (6) issues about his mental state at the time of the proceedings leading to his guilty plea and judgment, which Silvesan said he wanted to "preserve … for further submission to the court, if necessary," but did "not wish to litigate this issue at this time"; and (7) he had been denied counsel for his earlier application for post-conviction relief.

[¶ 5] The State responded to Silvesan's allegations in his second application for post-conviction relief by addressing the merits of Silvesan's claims and by asserting Silvesan inexcusably failed to raise the first four of those claims in his previous post-conviction application. The State argued the fifth and sixth claims were fully and finally determined in the previous post-conviction proceeding. On the last claim, the State contended "[d]enial of counsel for the initial post-conviction proceeding is not a ground[ ] for subsequent post-conviction relief" and Silvesan's "proper recourse would have been to appeal."

[¶ 6] On December 18, 1997, the district court (the Honorable Robert W. Holte) issued an order denying Silvesan's second application for post-conviction relief. In that order, Judge Holte concurred with Judge Rustad's ruling there was no basis for Silvesan's claim he had been denied counsel in the proceedings leading to his guilty plea. Judge Holte also ruled the matter was res judicata, because it had been "raised and ruled upon during Silvesan's first application for post conviction relief." Judge Holte found Silvesan had not been denied the right to be heard at sentencing; there was no evidence of prosecutorial misconduct; and the trial court did not fail to comply with N.D.R.Crim.P. 11. On Silvesan's claim he had been denied counsel for his first application for post-conviction relief, Judge Holte ruled that issue "should have been raised on appeal of the Court's orders denying Silvesan's first application for post conviction relief" and was res judicata. On Silvesan's claim the trial court violated Silvesan's plea agreement, Judge Holte found "Silvesan's request for relief on that issue is without merit in law or fact." On Silvesan's claim about his mental state, Judge Holte concluded "there is no evidence to substantiate that Silvesan's mental health interfered with Silvesan's ability to understand the nature of the trial court

proceedings, or as to his ability to make a knowing and voluntary plea of guilty to the charges against him."

[¶ 7] Silvesan appealed the denial of his second application for post-conviction relief. While that appeal was pending, we remanded for consideration of additional claims Silvesan presented to the district court. Silvesan subsequently appealed the district court's denial of relief on the supplemental issues.

## II

[¶ 8] On appeal from the judgment denying his second application for post-conviction relief, Silvesan alleges he was denied his right to counsel; prosecutorial misconduct; a failure to comply with N.D.R.Crim.P. 11; and the trial court did not address him personally and ask if he wished to make a statement in his own behalf, pursuant to N.D.R.Crim.P. 32(a), before sentencing.

[¶ 9] Section 29–32.1–12, N.D.C.C., which was drawn from § 12 of the Uniform Post–Conviction Procedure Act (1980), authorizes denial of an application for post-conviction relief on the ground of res judicata or misuse of process:

1. An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.
2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:
   a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or
   b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.
3. Res judicata and misuse of process are affirmative defenses to be pleaded by the state. The burden of proof is also upon the state, but, as to any ground for relief which, by statute or rule of court, must be presented as a defense or objection at a specified stage of a criminal prosecution, the applicant shall show good cause for noncompliance with the statute or rule.

This section addresses "the concern about repetitive applications for post-conviction relief by a single prisoner." Comment, *Uniform Post–Conviction Procedure Act* § 12 (1980). "If the first or any subsequent application presents a claim or claims previously adjudicated, ordinary principles of res judicata apply." *Id.* The section is also concerned with "successive applications by a single prisoner who raises different claims in the multiple filings." *Id.* "Matters are sometimes raised in a post-conviction proceeding that might have been, but were not, presented in the prosecution stage. This section ... allows a state to oppose post-conviction relief for either kind of misuse of process." *Id.*

[10] "As we noted in *State v. Manke,* 361 N.W.2d 247, 248 (N.D.1985), postconviction proceedings are not intended to allow a defendant multiple opportunities to raise the same issues." *Murchison v. State,* 1998 ND 96, ¶ 7, 578 N.W.2d 514. "[A]pplications for post-conviction relief may be denied if the same claim or claims were fully and finally determined in a previous proceeding. N.D.C.C. § 29–32.1–12(1)." *Id.* at ¶ 11. A defendant is not entitled to repetitious post-conviction relief when the contentions raised on appeal are simply variations of previous arguments. *State v. Johnson,* 1997 ND 235, ¶ 13, 571 N.W.2d 372. "Bringing successive motions on the same issue is a misuse of the post-conviction process." *Id.* at ¶ 12. A defendant who "inexcusably failed to raise all his claims about the legality of his consecutive probationary sentences in a single post-conviction proceeding, ... has misused the post-conviction process" by initiating a subsequent application raising issues that could have been raised in an earlier proceeding. *Id.* None of the issues Silvesan raised in his second application were issues, such as newly discovered evidence, which could not have been raised in his first application.

[¶ 11] Silvesan contended he was denied his right to counsel in his first application for post-conviction relief. Judge Rustad ruled the claim was without merit. Silvesan raised denial of counsel in his second application for post-conviction relief, as well. The State asserted the issue had been fully and finally determined in the first post-conviction proceeding. We agree with Judge Holte when he ruled Silvesan's claim about denial of counsel was res judicata. The claim was

fully and finally determined in the first post-conviction proceeding, and Silvesan was not entitled to raise it again. N.D.C.C. § 29–32.1–12; *Murchison*, 1998 ND 96, ¶ 11, 578 N.W.2d 514.

[¶ 12] In his second application for post-conviction relief, Silvesan claimed prosecutorial misconduct. Silvesan did not raise that claim in his first post-conviction proceeding, and the State contended raising the claim in Silvesan's second application for post-conviction relief was a misuse of process. The district court determined there was no evidence of prosecutorial misconduct. Not only do we agree there was no prosecutorial misconduct, Silvesan has not shown any excuse for failing to raise the issue in his first application for post-conviction relief. Because Silvesan inexcusably failed to raise the claim in his first application for post-conviction relief, raising the claim in his second application for post-conviction relief was a misuse of process. N.D.C.C. § 29–32.1–12; *Johnson*, 1997 ND 235, ¶ 12, 571 N.W.2d 372.

[¶ 13] In his second application for post-conviction relief, Silvesan claimed the trial court had failed to comply with N.D.R.Crim.P. 11. The State contended Silvesan inexcusably failed to raise the claim in his first application for post-conviction relief, and raising it in the second application was a misuse of process. The district court ruled "there is no merit to Silvesan's claim that the trial court failed to comply with the provisions of Rule 11 N.D.R.Crim.P. during the trial court process." Silvesan did not raise this claim in his first application for post-conviction relief and has not shown any excuse for failing to raise it in the first application. We conclude presenting the claim in his second application for post-conviction relief was a misuse of the post-conviction process.

[¶ 14] Silvesan contends the district court erred in denying his second application for post-conviction relief because the trial court did not address him personally and ask him if he wished to make a statement in his own behalf before sentencing. In responding to Silvesan's second application for post-conviction relief, the State contended Silvesan inexcusably failed to raise this issue in his earlier application for post-conviction relief and the claim was a misuse of process. The

district court found "[t]here is no merit to Silvesan's argument that he was not allowed to be heard during his sentencing hearing." Again, we not only agree with the district court, Silvesan has shown no excuse for failing to raise this issue in his first application for post-conviction relief. We conclude Silvesan's presentation of this claim in his second application for post-conviction relief was a misuse of the post-conviction process.

## III

[¶ 15] At Silvesan's request, this Court temporarily remanded the matter "for the limited purpose of allowing the Petitioner to present additional claims to the district court." After a hearing, the district court (the Honorable Robert W. Holte) concluded, among other things, "the trial court did not err in not finding Silvesan to be indigent at the time of the initial appearance hearing, nor in not appointing counsel to represent Silvesan in this matter." The court denied Silvesan's request for post-conviction relief on the supplemental issues. Judgment was entered, and Silvesan appealed. On appeal, Silvesan has challenged only the district court's denial of post-conviction relief on the issue of the trial court's failure to appoint counsel for him at his initial appearance. That is not an "additional claim[ ]" for which we granted a temporary remand. It is simply a variation of his previous arguments on the issue of denial of counsel. Applicants for post-conviction relief may not avoid application of res judicata principles by raising variations of previous arguments. *Owens v. State*, 1998 ND 106, ¶ 41, 578 N.W.2d 542. Silvesan raised denial of appointed counsel as an issue in his first and second applications for post-conviction relief. The matter is res judicata and we will not further address it.

[¶ 16] The judgments denying Silvesan's requests for post-conviction relief are affirmed.

[¶ 17] KAPSNER, MARING, NEUMANN and SANDSTROM, JJ., concur.