1999 ND 78

**Daniel J. CLARK, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 980303.

Supreme Court of North Dakota.

April 27, 1999.

See also, 570 N.W.2d 195.

Irvin B. Nodland, Bismarck, N.D., for petitioner and appellant.

Owen K. Mehrer, State's Attorney, Dickinson, N.D., for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Daniel J. Clark appeals from a judgment of dismissal of his application for postconviction relief. We affirm.

I

[¶ 2] On January 17, 1996, Daniel Clark shot George Girodengo twice, after finding him in Clark's wife's bedroom. *State v. Clark*, 1997 ND 199, ¶ 2, 570 N.W.2d 195. Girodengo died during surgery. As a result, Clark was charged with murder. *Id.* at ¶ 2,

570 N.W.2d 195. The jury found Clark not guilty of murder, but guilty of manslaughter. *Id.* at ¶ 2, 570 N.W.2d 195. On direct appeal to this Court, we affirmed the judgment of conviction. *See id.* at ¶ 1, 570 N.W.2d 195.

[¶ 3] After his direct appeal, Clark instituted a post-conviction proceeding under N.D.C.C. ch. 29-32.1. On September 3, 1998, the trial court issued an order for judgment granting the State's motion for summary dismissal of Clark's post-conviction relief application. Clark appeals.

[¶ 4] On appeal from the dismissal, Clark raises fourteen issues of alleged error occurring at the trial court level. Clark argues: (1) the trial court erred by not giving the defendant's requested jury instruction No. 18; (2) the trial court erred in giving a Defense of Others jury instruction; (3) the trial court erred in refusing to give an adverse inference instruction; (4) the trial court erred in not giving a justification jury instruction; (5) there is an inconsistent position of factual information; (6) prosecutorial misconduct in the prosecution's misrepresentation of Clark; (7) prosecutorial misconduct in the prosecution's description of Girodengo as a "little fellow"; (8) prosecutorial misconduct in the prosecution's misrepresentation of the gun's recoil; (9) the prosecution's failure to comply with discovery; (10) the prosecution's vouching for the credibility of witnesses; (11) manipulation by the prosecution of crime scene evidence which misled the jury; (12) prosecutorial misconduct by the prosecution's misquoting of Dr. Wolf's testimony; (13) prosecutorial misconduct by drawing attention to Clark's silence after he was given Miranda warnings; and (14) prosecution witnesses Lisa Jalbert's and Walter Eiden's relationships to the deceased's family were not disclosed to the jury.

## II

[¶ 5] Section 29-32.1-09(1), N.D.C.C., provides that a trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Owens v. State*, 1998 ND 106, ¶ 13, 578 N.W.2d 542. Our review of a summary denial of a post-conviction application is like our review of an appeal from a summary judgment under Rule 56, N.D.R.Civ.P. *Id.* at ¶ 13, 578 N.W.2d 542. The party opposing the motion is entitled to all reasonable inferences at the preliminary stages and is entitled to an evidentiary hearing if an inference raises a genuine issue of fact. *Id.* at ¶ 13, 578 N.W.2d 542. Once the moving party has established there is no genuine issue of fact, the burden shifts to the nonmoving party to show a genuine issue of fact exists. *Id.* at ¶ 13, 578 N.W.2d 542. The party resisting the motion may not merely rely on the pleadings or unsupported conclusory allegations; rather the party must present competent admissible evidence by affidavit or other comparable means. *Id.* at ¶ 13, 578 N.W.2d 542.

[¶ 6] At the trial court, the State's motion to dismiss asserted the affirmative defenses under N.D.C.C. § 29-32.1-12(1) and (2), arguing Clark's application should be dismissed as res judicata and misuse of process. The trial court, in summarily dismissing Clark's post-conviction application, relied largely on those affirmative defenses. Consequently, the dispositive question on this appeal is whether Clark's application falls within the penumbra of the affirmative defenses delineated in N.D.C.C. ch. 29-32.1.

[¶ 7] Section 29-32.1-12, N.D.C.C., provides, in part:

1. An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.

2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

 a. Presents a claim for relief which the applicant *inexcusably failed* to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or

 b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous. (Emphasis added.)

A. Res Judicata.

[¶ 8] Section 29–32.1–12(1), N.D.C.C., allows for post-conviction applications to be denied if the same claims or claim has been fully and finally determined in a previous proceeding. *Murchison v. State*, 1998 ND 96, ¶ 7, 578 N.W.2d 514. Consequently, when claims have been previously raised on direct appeal they cannot be raised again in a subsequent post-conviction application. *Id.* at ¶ 7, 578 N.W.2d 514. The same principle applies within multiple post-conviction applications. *Silvesan v. State*, 1999 ND 62, ¶ 11, 591 N.W.2d 131.

[¶ 9] After a careful consideration of the record on appeal, we find none of the issues raised by Clark in this appeal fall under the post-conviction principle of res judicata. None of the issues raised in Clark's brief are issues which have been raised on direct appeal or in a previous post-conviction application. These issues have not been fully and finally determined in a previous proceeding, and therefore, do not come within the definition of res judicata in N.D.C.C. § 29–32.1–12(1). This however does not affect our affirmance of the trial court's decision.

B. Misuse of Process.

[¶ 10] Chapter 29–32.1, N.D.C.C., is a codification of the 1980 Uniform Post–Conviction Procedure Act drafted by the National Conference of Commissioners on Uniform State Laws. 11A Uniform Laws Annotated, Uniform Post–Conviction Procedure Act of 1980, at 247 (1995). Section 29–32.1–12, N.D.C.C., is identical to Section 12 of the Uniform Post–Conviction Procedure Act of 1980. During proceedings of the National Conference of Commissioners on Uniform State Laws, the 1980 Uniform Post–Conviction Procedure Act was presented with the notation that "the impetus and the pole star of this revision are the current ABA standards." Proceedings in Committee of the Whole, Uniform Post–Conviction Act, July 26 and 29, 1980, at 1.

[¶ 11] The reference to the "current ABA standards" means the American Bar Association recommended standards concerning post-conviction remedies. In the commentary following Section 12 of the 1980 Uniform Post–Conviction Procedure Act, A.B.A. Standards 22–6.1(c) and 22–6.2(b) are specifically referenced. 11A Uniform Laws Annotated, Uniform Post–Conviction Procedure Act of 1980 § 12, at 262 (1995).

[¶ 12] Standard 22–6.1, relating to the finality of the judgment of conviction and sentence, provides:

\* \* \* \*

(c) Where an applicant raises in a postconviction proceeding a factual or legal contention which the defendant deliberately or inexcusably

(i) failed to raise in the proceeding to judgment of conviction, or,

(ii) having raised the contention in the court, failed to pursue the matter on appeal,

a court may deny relief on the ground of an abuse of process.

A.B.A. Standards, Post–Conviction Remedies § 22–6.1(c) (Approved Draft 1980 & Supp. 1986 2nd ed.).

[¶ 13] Standard 22–6.2, relating to finality of a judgment in a post-conviction proceeding, provides:

\* \* \* \*

(b) Where an applicant raises in a subsequent application a factual or legal contention which the applicant did not use due diligence in

(i) raising in an earlier application, or,

(ii) having raised the contention in the trial court, failed to pursue the matter on appeal,

a court may deny relief on the ground of an abuse of process.

A.B.A. Standards, Post–Conviction Remedies § 22–6.2(b) (Approved Draft 1980 & Supp. 1986 2nd ed.).

[¶ 14] Quite clearly, under the A.B.A. Standards, misuse of process occurs in three situations. The first is when the applicant deliberately or inexcusably fails to raise the issue in a proceeding leading to judgment of conviction. A.B.A. Standards, Post–Conviction Remedies § 22–6.1(c)(i) (Approved Draft 1980 & Supp.1986 2nd ed.). The second is when the applicant, having raised the issue in

the trial court, fails to pursue the matter on appeal. A.B.A. Standards, Post–Conviction Remedies §§ 22–6.1(c)(ii), 22–6.2(b)(ii) (Approved Draft 1980 & Supp.1986 2nd ed.). The third is when the applicant could have raised an issue in an earlier post-conviction application, but failed to do so. A.B.A. Standards, Post–Conviction Remedies § 22–6.2(b)(i) (Approved Draft 1980 & Supp.1986 2nd ed.).

[¶ 15] Due to the strong correlation between the A.B.A. Standards and the Uniform Post–Conviction Procedure Act of 1980, we find the framework of the A.B.A. Standards to be compelling precedent. In fact, our prior decisions addressing misuse of process follow a similar framework.

■ [¶ 16] In *State v. Willey*, 381 N.W.2d 183 (N.D.1986), we held:

> [F]ailure to take a direct appeal bars relief in a post-conviction action under Chapter 29–32, N.D.C.C., on the ground of abuse of process as to factual and legal contentions that the post-conviction applicant raised and litigated at the time of the original trial court proceedings and which he deliberately or inexcusably failed to pursue on direct appeal.

*Id.* at 186. That holding was based, in part, on our agreement with an Iowa Supreme Court decision holding Section 1(b) of the 1966 Uniform Post–Conviction Procedure Act declares it an abuse of process to deliberately and inexcusably fail to pursue an appeal on matters known during the trial court pro-

ceeding. *Id.* at 185 (relying on *Horn v. Haugh*, 209 N.W.2d 119 (Iowa 1973)).[1]

[¶ 17] Noting the similarity between the language of the prior A.B.A. Standard 6.1 and the current version of the A.B.A. Standard 6.1, the obvious correlation between the A.B.A. Standards and the multiple versions of the Uniform Post–Conviction Procedure Acts, and the identical language of Section 1(b) in the 1966 and 1980 Uniform Post–Conviction Procedure Acts, we believe the reasoning in *Willey* is equally applicable today under N.D.C.C. ch. 29–32.1.

[¶ 18] We recently had occasion to analyze a misuse of process under N.D.C.C. ch. 29–32.1. In *Silvesan v. State*, 1999 ND 62, ¶ 10, we held raising issues in a second post-conviction application which could have been raised in the first application was a misuse of process under N.D.C.C. § 29–32.1–12. We noted this section, in part, addresses concerns about repetitive applications under N.D.C.C. ch. 29–32.1, by a single applicant. *Id.* at ¶ 9, 591 N.W.2d 131. Consequently, an applicant who inexcusably fails to raise an issue in his initial post-conviction application, choosing instead to raise it in a subsequent application commits a misuse of process under N.D.C.C. § 29–32.1–12. *Id.* at ¶ 12, 591 N.W.2d 131.

[¶ 19] In summary, our prior case law has explained two possible misuses of process that can occur under N.D.C.C. ch. 29–32.1. Namely, it is a misuse of process to raise and litigate an issue in the original trial court proceeding and inexcusably fail to pursue it

---

1. Section 1(b) of the 1966 Uniform Post–Conviction Procedure Act stated, in part:

 (b) This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence or conviction.

 11A Uniform Laws Annotated, Uniform Post–Conviction Procedure Act of 1966 § 1, at 275 (1995). North Dakota codified this provision at N.D.C.C. § 29–32–01(2).

 Section 1(b) of the 1980 Uniform Post–Conviction Procedure Act contains an updated version of virtually identical language. 11A Uniform Laws Annotated, Uniform Post Conviction Procedure Act of 1980 § 1, at 250 (1995). Section 29–32.1–01(2), N.D.C.C., is an exact codification of Section 1(b) with some additional language which does not alter the meaning of the other language in the section.

 In a footnote to *Willey*, we noted Section 1(b) of the 1966 Uniform Post–Conviction Procedure Act embraced the concepts expressed in the A.B.A. Standards, Post–Conviction Remedies § 6.1(c) (Approved Draft, 1968). *Willey*, 381 N.W.2d at 185 n. 2. The standard provided, in relevant part:

 (c) Where an applicant raises in a post-conviction proceeding a factual or legal contention which he knew of and which he deliberately and inexcusably
 (i) failed to raise in the proceeding leading to judgment of conviction, or
 (ii) having raised the contention in the trial court, failed to pursue the matter on appeal.

 *Id.*

on direct appeal, and it is a misuse of process to raise issues on subsequent post-conviction applications that could have been raised in the initial application. As mentioned, our framework for misuse of process under N.D.C.C. ch. 29–32.1 correlates with the similar A.B.A. Standards for misuse of process.

[¶ 20] Following the A.B.A. Standards and N.D.C.C. ch. 29–32.1, the question remaining for us to consider is whether it is a misuse of process under N.D.C.C. § 29–32.1–12(2) to raise issues in the initial post-conviction application which have not been raised during proceedings leading to judgment of conviction.

[¶ 21] Post-conviction proceedings necessarily present a balancing act between the constitutional rights of defendants and the notion of finality in our criminal justice system. The 1980 revision of the Uniform Post–Conviction Procedure Act was intended to bring the Uniform Act into alignment with the current A.B.A. Standards regarding post-conviction remedies. *See* Proceedings in Committee of the Whole, Uniform Post–Conviction Procedure Act, July 26 and 29, 1980, at 3–4. The commentary to A.B.A. Standard 22–6.1, finality of the judgment of conviction and sentence, states:

> Issues cognizable in a postconviction proceeding, with few exceptions, could have been litigated in the original trial. Ordinary principles of finality of judgments apply most strongly on questions that have been litigated. . . . Postconviction remedies exist to try fundamental issues that have not been tried before.

A.B.A. Standards, Post–Conviction Remedies § 22–6.1 Commentary (Approved Draft 1980 & Supp.1986 2nd ed.). It is clear the A.B.A. and, by implication, the Commission on State Laws places emphasis on the idea that "finality" must not sacrifice a criminal defendant's opportunity to have at least one substantive review of issues relating to a conviction.

[¶ 22] However, we will not weaken the integrity of our criminal justice system by allowing manipulation, or other subterfuge, under the guise of a post-conviction application. Under Section 12 of the 1980 Uniform Post–Conviction Procedure Act and N.D.C.C. § 29–32.1–12(2), "misuse of process" on is-

sues not raised in the original trial court proceedings occurs if the defendant "inexcusably failed" to raise the issue during those proceedings. Originally, the 1980 Uniform Act contained the words "deliberate or inexcusable," which tracks the A.B.A. Standards. However, when the Uniform Act was presented to the Uniform Laws Committee, the word "deliberate" was omitted. *See* Proceedings in Committee of the Whole, Uniform Post–Conviction Procedure Act, July 26 and 29, 1980, at 168–75. "Deliberate" was omitted based on the belief a "deliberate" act could at times be excusable, but an "inexcusable" act would almost surely be one committed deliberately or intentionally. *Id.* Such a standard helps balance the competing notions mentioned while ensuring our criminal justice system does not fall victim to intricate schemes to delay, prolong, or otherwise manipulate the system to one's advantage, perceived or otherwise.

■ [¶ 23] We therefore hold that misuse of process under N.D.C.C. ch. 29–32.1 occurs (1) if the defendant has inexcusably failed to raise an issue in a proceeding leading to judgment of conviction and now seeks review in a first application for post-conviction relief; (2) if the defendant inexcusably fails to pursue an issue on appeal which was raised and litigated in the original trial court proceedings, *see, e.g., State v. Willey* 381 N.W.2d 183 (N.D.1986); and finally, (3) if a defendant inexcusably fails to raise an issue in an initial post-conviction application, *see, e.g., Silvesan v. State*, 1999 ND 62.

[¶ 24] A careful review of the record reveals the array of issues Clark raises on appeal from the dismissal of his post-conviction application can be divided into two categories. The first category is issues raised and litigated in a proceeding leading to judgment of conviction but not pursued on direct appeal. These issues are identified as (3) the trial court erred in refusing to give an adverse inference instruction; (5) there is an inconsistent position of factual information; (8) prosecutorial misconduct in the prosecution's misrepresentation of the gun's recoil; and (9) the prosecution's failure to comply with discovery. The second category is issues not raised in proceedings lead-

ing to judgment of conviction. These issues are identified as (6) prosecutorial misconduct in the prosecution's misrepresentation of Clark; (7) prosecutorial misconduct in the prosecution's description of Girodengo as a "little fellow"; (10) the prosecution's vouching for the credibility of witnesses; (11) manipulation by the prosecution of crime scene evidence which misled the jury; (12) prosecutorial misconduct by the prosecution's misquoting of Dr. Wolf's testimony; and (13) prosecutorial misconduct by the prosecution drawing attention to Clark's silence after he was given Miranda warnings. Issue number 14, prosecution witnesses Lisa Jalbert's and Walter Eiden's relationships to the deceased's family not being disclosed to the jury, was decided on substantive grounds and will be reviewed under the appropriate standard.

 1. Issues raised and litigated in a
proceeding leading to judgment
but not pursued on appeal.

 [¶ 25] With regards to issue 3, the adverse inference instruction, the trial court found it was barred by res judicata and misuse of process. Issues 5, 8, and 9, which the trial court labeled as allegations of prosecutorial misconduct, were also found by the trial court to be barred from post-conviction review by res judicata and misuse of process. We agree with the trial court in concluding those issues were barred by misuse of process, under N.D.C.C. § 29–32.1–12, read in conjunction with N.D.C.C. § 29–32.1–01(2). *See, e.g., State v. Willey*, 381 N.W.2d 183 (N.D.1986). As mentioned, we do not agree with the trial court's conclusion that res judicata also bars these issues.

[¶ 26] Clark has never provided any response to the State's assertion that the issues are barred under N.D.C.C. ch. 29–32.1. At the trial level Clark did not file a reply brief, and on appeal he again chose to address only the substantive portions of the issues. The party resisting a motion to dismiss may not merely rely on the pleadings or unsupported conclusory allegations; rather the party must present competent admissible evidence by affidavit or other comparable means. *Owens*, 1998 ND 106, ¶ 13, 578 N.W.2d 542. Clark has not met this burden. Therefore,

we hold issues 3, 5, 8, and 9 are barred under N.D.C.C. ch. 29–32.1, because Clark has failed to meet the State's assertion that he has inexcusably failed to pursue those issues on direct appeal after they were raised and litigated in the original trial court proceedings. *See, e.g., State v. Willey*, 381 N.W.2d 183 (N.D.1986). Clark offered no explanation for his failure.

 [¶ 27] Clark also argues in issues 1 and 4, the trial court committed error regarding the jury instructions. As to issue 1 regarding jury instruction No. 18 and issue 4 regarding the justification jury instruction, the trial court found the issues barred under res judicata and misuse of process. These two issues involve *requested jury instructions* which the trial court elected not to give, either in part or entirely. We find these two issues fall into the category of issues raised and litigated in the original trial court proceeding, but not pursued on direct appeal. Applying the same analysis as above, we hold Clark inexcusably failed to pursue these issues on direct appeal, and the issues are therefore barred under misuse of process.

 2. Issues not raised in the proceedings
leading to judgment of conviction.

 [¶ 28] Regarding the second group of issues, the trial court found issues 6, 7, 10, 11, 12, and 13 were again broad allegations of prosecutorial misconduct and were barred from post-conviction review by res judicata and misuse of process. Again, Clark never responded to the State's assertions of misuse of process and res judicata, neither when the State alleged the defenses nor in his brief to this Court after the trial court had made its decision. Clark's only response attributable to this category of issues is a brief remark in the conclusion of his brief and at oral argument stating the transcript was not received until after he had made his motion for a new trial. Clark's remark does not rise to any form of competent evidence necessary to resist the dismissal. Therefore, we hold these issues are barred as a misuse of process under N.D.C.C. § 29–32.1–12(2) because Clark has failed to meet the State's assertion that he inexcusably failed to raise these issues in a proceeding leading to judgment of

conviction. *Compare State v. Bender*, 1998 ND 72, 576 N.W.2d 210 (finding summary dismissal inappropriate when the trial court did it before the State had responded to the application and when the defendant did not know he was being put to his proof). Clark made no explanation for why this was not done. Again, as mentioned above, we determine res judicata under N.D.C.C. § 29–32.1–12(1) does not apply to this group of issues.

[¶ 29] In issue 2, Clark argues the trial court gave an incorrect Defense of Others jury instruction. The trial court also found this issue to be barred under res judicata and misuse of process. This issue did not involve a specific requested jury instruction and arguably is an issue not raised in a proceeding leading to judgment of conviction. Applying the same analysis as we applied to the other group two issues, we hold Clark inexcusably failed to raise this issue in a proceeding leading to judgment of conviction, and consequently, the issue is barred as a misuse of process under N.D.C.C. § 29–32.1–12(2).

### III

[¶ 30] In issue 14, Clark argues prosecution witnesses Lisa Jalbert's and Walter Eiden's relationships to the deceased's family were not disclosed to the jury. Classifying this as a "new evidence" issue, the trial court found this impeachment evidence "even if accepted at face value is not sufficient to entitle Clark to a new trial." A new trial based on new evidence will be granted only if the evidence is of such a nature that it would probably produce an acquittal at trial. *Hopfauf v. State*, 1998 ND 30, ¶ 5, 575 N.W.2d 646. Clark argues the jury should have been able to consider the motive for the two witnesses' testimony, and that the prosecution's vouching for the credibility of the two witnesses further magnified the prejudicial error. We agree with the trial court's determination that this impeachment evidence does not rise to such a level that it can be said it probably would produce an acquittal. We also conclude this type of credibility issue, namely that Jalbert and Eiden are friends with Mary Ann Braun, who is Girodengo's cousin, does not rise to such a

level such as to cast serious doubt on the credibility of the prosecution's witnesses. *See State v. Hilling*, 219 N.W.2d 164, 169 (N.D.1974).

### IV

[¶ 31] For the reasons stated above, we affirm the dismissal of Clark's post-conviction application.

[¶ 32] VANDE WALLE, C.J., and MARING, KAPSNER and SANDSTROM, JJ., concur.

