Filed 1/30/01 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2001 ND 15

Earl L. Owens, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

Nos. 20000128-20000129

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Earl L. Owens, pro se, North Dakota State Penitentiary, P.O. Box 5521, Bismarck, N.D. 58506-5521, petitioner and appellant.

Bruce A. Romanick, Assistant State’s Attorney, Courthouse, 514 East Thayer, Bismarck, N.D. 58501, for respondent and appellee, submitted on brief.

Owens v. State

Nos. 20000128-20000129

Sandstrom, Justice.

[¶1] Earl L. Owens appeals from an order of the district court dismissing an application for post-conviction relief.  Owens contends his attorney failed to appeal his conviction as he directed.  We affirm, concluding the district court properly dismissed the post-conviction relief application because Owens inexcusably failed to raise the issue in a previous post-conviction proceeding.

I

[¶2] On April 10, 1996, Owens was convicted of two counts of theft by deception and two counts of attempted theft by deception, all class C felonies.  On the same date, Owens was convicted of a class A misdemeanor for giving false information to a law enforcement officer.  Owens, acting pro se, filed a motion for a new trial on April 19, 1996.  The district court denied the motion for new trial on May 8, 1996.  On May 16, 1996, Owens wrote a letter to the district court requesting a new court-appointed attorney.  In his letter Owens stated, “I have every intention on appealing the conviction of the past trial.”  The letter suggests his request for a new attorney was based on trial counsel’s performance.

[¶3] New counsel was appointed by the district court.  A conflict of interest arose with the new attorney, so a third attorney, Robert Martin, was appointed to represent Owens.  On June 7, 1996, Owens appeared in the district court with Martin and was sentenced on the charges.  No appeal of the conviction was filed on behalf of Owens.  Owens, acting pro se, filed numerous motions in the district court, including an application for post-conviction relief filed on July 29, 1996.  On August 1, 1996, the district court sent Owens a letter denying all of his pro se motions, identifying Martin as appellate counsel, and instructing Owens to “[c]onfer and cooperate with your court appointed attorney.”

[¶4] On Owens’ behalf, attorney Martin applied for post-conviction relief on November 25, 1996; an amendment to the application was filed on January 21, 1997.  The State responded to the application on January 21, 1997, and moved for summary disposition.  The district court denied Owens’ application on May 22, 1997.

[¶5] Acting pro se, Owens appealed on June 3, 1997.  On June 19, 1997, we temporarily remanded to the district court to allow Owens to bring additional motions.  Owens, pro se, filed a third amendment in the district court.  The third amended application, dated June 24, 1997, contained in excess of twenty issues, including the allegation that “Petitioner was denied the right to appeal the conviction to the Supreme Court for review, attorney states there was [sic] no grounds for appeal.”  On July 11, 1997, the district court denied the relief requested by Owens in his third amended application for post-conviction relief.  Further documents were filed in this Court, including Owens’ brief listing twenty-six issues.  Issue twenty-six in Owens’ appeal stated, “Was the petitioner denied the opportunity to appeal the conviction.  Was letter to the trial judge sufficient to give notice of appeal.”  On May 20, 1998, we affirmed the district court’s denial of Owens’ application for post-conviction relief.  
Owens v. State
, 1998 ND 106, 578 N.W.2d 542.

[¶6] On March 15, 2000, Owens again applied for post-conviction relief.  Upon request from the State, the district court denied Owens’ request on April 19, 2000, by summary disposition.  Owens appeals from this latest denial of post-conviction relief, arguing the district court erred in denying his post-conviction relief application primarily because his lawyer had failed to file a direct appeal as instructed.

[¶7] The district court had jurisdiction under N.D.C.C. § 27-05-06 and N.D.C.C. § 29-32.1-03(1).  This Court has jurisdiction under N.D. Const. art. VI, § 6, N.D.C.C. § 29-28-06, and N.D.C.C. § 29-32.1-14.

II

[¶8] The burden of establishing a basis for post-conviction relief rests upon the petitioning defendant; post-conviction proceedings are civil in nature.  
State v. Skjonsby
, 417 N.W.2d 818, 820 (N.D. 1987); 
State v. Kunkel
, 366 N.W.2d 799, 803 (N.D. 1985).  A party opposing a motion for summary disposition under the Uniform Post-Conviction Procedure Act must raise an issue of material fact.  
See
 
Hopfauf v. State
, 1998 ND 30, ¶ 4, 575 N.W.2d 646 (citing 
Mertz v. State
, 535 N.W.2d 834, 836 (N.D. 1995)).

[¶9] “Res judicata and misuse of process are affirmative defenses to be pleaded by the state.”  N.D.C.C. § 29-32.1-12(3).  “The burden of proof is also upon the state, but, as to any ground for relief which, by statute or rule of court, must be presented as a defense or objection at a specified stage of a criminal prosecution, the applicant shall show good cause for noncompliance with the statute or rule.”  
Id.

A

[¶10] Owens contends the courts have failed to address the issue of whether or not he has been denied a right to direct appeal.  Owens previously appealed similar issues to this Court.  
Owens v. State
, 1998 ND 106, ¶¶ 4-6, 578 N.W.2d 542.  Owens contends he urged the district court to consider the fact that his appellate attorney did not file a direct appeal.  Aside from Owens’ bare assertions and affidavit indicating he urged appellate counsel to directly appeal, the record does not establish that Owens was denied a right to appeal.

[¶11] Owens sent the district court a letter stating he intended to appeal his conviction; however, neither Owens nor his attorneys ever filed an appeal.  Notwithstanding Owens’ argument that the courts have not reviewed his direct appeal claim, he argued similar claims in his third amended application for post-conviction relief and in his previous argument before this Court.

B

[¶12] The State argues Owens’ claims should be denied because they are simply variations of his original post-conviction petition or because his claims are a misuse of process.  Misuse of process can be a ground for denying a claim when the applicant “[p]resents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding” or if the applicant “[f]iles multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.”  N.D.C.C. § 29-

32.1-12(2).

[¶13] Owens’ claim of ineffective assistance of counsel was brought in his prior post-conviction relief applications.  We have held denial of a second motion for post-conviction relief is proper when a defendant’s argument “was not made in his previous post-conviction challenge to the same probationary sentences.”  
State v. Johnson
, 1997 ND 235, ¶ 5, 571 N.W.2d 372.  In 
Johnson
, we held the argument was “simply a variation” of an earlier appeal and was therefore a misuse of the post-conviction process.  
Id.
 at ¶¶ 11-12.

[¶14] We have denied post-conviction relief in other cases where the defendant simply varied previous arguments.  
Id.
 at ¶ 13 (citing 
McMorrow v. State
, 537 N.W.2d 365 (N.D. 1995); 
Woehlhoff v. State
, 531 N.W.2d 566, 567 (N.D. 1995)).  The district court’s order implies misuse of process, stating, “All the issues in Petitioner’s most recent request for post-conviction relief have been previously reviewed at the trial level and by the North Dakota Supreme Court.  Denial of Petitioner’s previous requests for post-conviction relief was upheld by the North Dakota Supreme Court.  Nothing has changed.  Petitioner is not entitled to post-conviction relief.”

[¶15] The lengthy history of this case establishes Owens had numerous opportunities to raise his direct appeal issue.  He filed numerous pro se motions in the district court.  He filed two pro se applications for post-conviction relief.  Addressing twenty-six issues, Owens previously appealed to this Court pro se.  The State has pleaded and proved misuse of process.  Owens has failed to show good cause for failing to previously raise the issues he now presents.

[¶16] We hold Owens’ current argument, that counsel did not directly appeal his conviction, is simply a variation of his previous arguments.  Failure to raise this argument in prior post-conviction proceedings is inexcusable and therefore constitutes a misuse of process.

III

[¶17] The dissent argues the United States Supreme Court decision in 
Roe v. Flores-

Ortega
, 120 S. Ct. 1029 (2000), requires a reversal in this case.  In doing so, the dissent obscures the facts, and misanalyzes and overreaches the United States Supreme Court decision.

[¶18] Flores-Ortega’s attorney did not file an appeal after allegedly having promised to do so.  Within a month of learning no appeal had been filed, Flores-Ortega tried to file his own notice of appeal, which was rejected as untimely.  Flores-Ortega promptly sought state court relief, raising the specific issue.  When that was denied, he promptly sought federal post-conviction relief—a petition for writ of habeas corpus—on the grounds he had directed his attorney to appeal and the attorney had not done so.

[¶19] Owens, on the other hand, in all of his previous petitions and supporting papers, never asserted he had directed his attorney to appeal and the attorney had failed to do so.  Nearly four years later, in the immediate aftermath of the United States Supreme Court decision in 
Roe v. Flores-Ortega
, 120 S. Ct. 1029 (2000), Owens for the first time asserts that in 1996 he directed his attorney to appeal and his attorney failed to do so.  Owens’ previous filings, however, contradict his new assertion.

[¶20] Owens, in his August 1, 1996, letter to the trial court judge, stated he intended to appeal.  In his first appeal to this Court, he argued the letter should have been treated as a notice of appeal.  Because Owens did not raise the issue below, we did not reach the issue.  
Owens v. State
, 1998 ND 106, ¶¶ 49-50, 578 N.W.2d 542.  In his third amended application for post-conviction relief, dated June 24, 1997, he says he was denied an appeal because his lawyer told him there were no grounds.  The essential argument in all his post-conviction filings has related to allegedly ineffective assistance of counsel, primarily at trial.  As we have said repeatedly, “a claim of ineffective assistance of trial counsel should not be brought on direct appeal, but rather through a post-conviction relief proceeding.”  
DeCoteau v. State
, 1998 ND 199, ¶ 7, 586 N.W.2d 156.  That the issues Owens has raised subsequently are those properly raised in a post-conviction proceeding rather than by direct appeal makes manifestly clear the plain meaning of Owens’ earlier averments:  he had intended to appeal (either the denial of his motion for new trial, or his conviction, or both) based on ineffective assistance of trial counsel; his post-trial counsel told him there were no grounds for appeal and post-conviction relief was the way to proceed; and he at least acquiesced in that course and filed for post-conviction relief instead.

[¶21] In 
Roe v. Flores-Ortega
, the United States Supreme Court said:

[W]e hold that when counsel’s 
constitutionally deficient performance
 deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.

120 S. Ct. at 1039 (emphasis added).  The Court explains what is constitutionally deficient performance:

In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question:  whether counsel in fact consulted with the defendant about an appeal.  We employ the term “consult” to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant’s wishes.  
If counsel has consulted with the defendant, the question of deficient performance is easily answered:  Counsel performs in a professionally unreasonable manner only by failing to follow the defendant’s express instructions with respect to an appeal.
  
See
 
supra
, at 1034-1035.  If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question:  whether counsel’s failure to consult with the defendant itself constitutes deficient performance.  That question lies at the heart of this case:  Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

Id.
 at 1035 (emphasis added).

[¶22] In this case, Owens’ own filings make clear that his attorney consulted with him and advised “there was [sic] no grounds for appeal.”  The record demonstrates that Owens’ attorney’s performance was not constitutionally deficient.

[¶23] Distinguishing this case further from 
Roe v. Flores-Ortega
 is the significant fact that Flores-Ortega raised the claim at his earliest opportunity.  
See
 
id.
 at 1033 (Flores-Ortega’s first state court challenge was based, in part, on failure of counsel to file a direct appeal).  The dissent erroneously assumes any convicted person can newly assert alleged failure to file an appeal as directed, at any time, no matter how many post-conviction proceedings have gone before.  
Roe v. Flores-Ortega
 offers no support for this proposition, but offers only “the proper framework for evaluating an ineffective assistance of counsel claim, based on counsel’s failure to file a notice of appeal without respondent’s consent” when the issue is properly raised.  
Id.
 at 1032-

33.  The United States Supreme Court itself has rejected repeated post-conviction claims, in the form of habeas corpus, when the matters could have been raised in earlier post-conviction proceedings.  
See
 
Schlup v. Delo
, 513 U.S. 298, 318-19 (1995) (successive or abusive petitions for habeas corpus are generally precluded from review).

[¶24] Since it was decided in February 2000, 
Roe v. Flores-Ortega
 has been distinguished twice in the circuit courts of appeal.  
See
 
Clark v. Johnson
, 227 F.3d 273 (5th Cir. 2000); 
Kitchen v. United States
, 227 F.3d 1014 (7th Cir. 2000).  In 
Kitchen
, counsel “freely admitted that he failed to file a notice of appeal through ‘inadvertence.’”  227 F.3d at 1020.  Finding counsel’s performance was deficient, the court stated, “in those cases in which the Supreme Court, as well as this and other circuits, have presumed prejudice from the failure to file a notice of appeal, defendants have had 
no
 assistance of counsel for 
any
 issues.”  
Id.
 at 1020-21 (citations omitted).  Here, Owens received appointed appellate counsel for his post-conviction proceedings so he was not “abandoned” or deprived of judicial review of his alleged trial errors.  
See
 
id.
 at 1021 (Kitchen was neither abandoned nor denied counsel for appeal simply because a notice of appeal was not filed).  “This is unlike the situation in which the possible issues on appeal have not even been identified by an advocate, and prejudice must be presumed.”  
Id.

[¶25] The Seventh Circuit Court of Appeals persuasively reasons in 
Kitchen
 that prejudice cannot be presumed simply because a direct appeal was not filed when the defendant has had counsel and was able to raise the same issues that would have been raised on direct appeal.  The dissent suggests Owens should be entitled to a hearing on the single issue of whether he was denied a direct appeal.  In 
Kitchen
, the court held prejudice could not be presumed when review was foreclosed on a single issue.  227 F.3d at 1021.  This is particularly true when “any prejudice resulting from its abandonment may not be reliably determined.”  
Id.

[¶26] Here, no appeal issue was foreclosed, and Owens was able to raise his issues, with the assistance of counsel, in post-conviction relief proceedings.  As detailed above, Owens at least acquiesced in abandonment of a direct appeal in pursuit of post-conviction relief.  
See
 
DeCoteau v. State
, 1998 ND 199, ¶ 7, 586 N.W.2d 156 (ineffective assistance of counsel claims are better suited for post-conviction relief proceedings rather than direct appeal).  Even if allowed a hearing on the waiver of his direct appeal, the direct appeal issues have been adjudicated in Owens’ post-conviction cases.  Owens had the opportunity to present post-conviction issues, and he was afforded the assistance of appointed counsel.  Prejudice cannot be presumed under the circumstances.  
See
 
Roe v. Flores-Ortega
, 120 S. Ct. 1029, 1036 (2000) (all relevant factors must be considered in determining whether a defendant desired an appeal); 
Kitchen v. United States
, 227 F.3d 1014, 1021 (7th Cir. 2000) (prejudice cannot be presumed in certain circumstances, even if an appeal is abandoned).

[¶27] Objectively, Owens’ own evidence supports the conclusion Owens’ attorney’s performance was not constitutionally deficient.  A defendant is not afforded multiple opportunities to raise the same or similar issues.  Finally, prejudice cannot be presumed under the facts of this case.  Each of these factors establishes that 
Roe v. Flores-Ortega
 does not lead to reversal here.

IV

[¶28] The order of the district court is affirmed.

[¶29] Dale V. Sandstrom

VandeWalle, Chief Justice, concurring.

[¶30] I concur in the result reached by Justice Sandstrom writing for the majority.  Although I agree with much of the legal analysis in Justice Kapsner’s dissent, as applied to this case I cannot agree with the result the dissent would have us reach.

In 
Owens v. State
, 1998 ND 106, ¶ 9, 578 N.W.2d 542, we noted:

Owens, acting pro se, appealed to this Court.  Before the appeal could be heard, Owens requested the appeal be held in abeyance so he could present to the trial court additional issues his attorney failed to present.  We “temporarily remanded to the trial court for the limited purpose of the trial court’s consideration of further motions which may be made in this case.”

As we observed in the opinion, Owens, acting pro se, set forth “no less than 20 different pretrial and trial incidents which allegedly showed his trial attorney’s performance was defective.”  
Id.
 at ¶ 10.  After he was denied relief, Owens appealed.  We noted that on appeal “Owens asserts the trial court in the criminal proceedings should have treated a letter he wrote to the court as a notice of direct appeal from his conviction.  Owens further asserts he was denied effective assistance of counsel when his post-conviction attorney presented the first amended application for post-conviction relief.”  
Id.
 at ¶ 49.

[¶31] As the dissent notes, one of those incidents listed by Owens on remand was that “Petitioner was denied the right to appeal the conviction to the Supreme Court for review, attorney states there was no grounds for appeal.”  However, at oral argument, where Owens was not represented by counsel but represented himself, Owens did not argue his attorney refused to file a direct appeal.  In 
Berlin v. State
, 2000 ND 206, ¶ 6 n.1, 619 N.W.2d 623, we noted that numerous proceedings do not benefit, and may harm, the cause of an applicant for post-conviction relief.  This observation applies equally to a proceeding in which a petitioner raises twenty alleged errors and the court is left to determine which, if any, have merit.  We have observed we are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a litigant’s position.  
Anderson v. A.P.I. Co. of Minnesota
, 1997 ND 6, 559 N.W.2d 204.  More significantly for this case we have said we will not consider issues where there is a failure to cite supporting authority and briefing is inadequate.  
Aaland v. Lake Region Grain Co-op.
, 511 N.W.2d 244 (N.D. 1994); 
Friedt v. Moseanko
, 484 N.W.2d 861 (N.D. 1992).

[¶32] We decide only issues which have been thoroughly briefed and argued.  
Midwest Cas. Ins. Co. v. Whitetail
, 1999 ND 133, 596 N.W.2d 341.  Any issue raised but not discussed on appeal lacks sufficient merit or importance to warrant individual attention by the Court.  
Mattson v. Rachetto
, 1999 SD 51, 591 N.W.2d 814.  We do no favor to the petitioner to encourage or even defend the practices employed here.  A flurry of issues, not argued or briefed, may result in a meritorious issue being overlooked.

[¶33] In 
Berlin v. State
, 2000 ND 206, 619 N.W.2d 623, 
Silvesan v. State
, 1999 ND 62, 591 N.W.2d 131, 
Murchison v. State
, 1998 ND 96, 578 N.W.2d 514, and 
State v. Johnson
, 1997 ND 235, 571 N.W.2d 372, we rejected claims of error because the claim could and should have been raised in prior proceedings.  In those cases we held raising issues in subsequent post-conviction applications which could have been raised in prior post-conviction applications or on direct appeal is a misuse of process under N.D.C.C. § 29-32.1-12(2) for which a court may deny relief:

. A court may deny relief on the ground of misuse of process.  Process is misused when the applicant:

 

. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or

 

. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

 

Although these cases are distinguishable because, arguably, Owens did raise the issue of ineffective assistance of counsel for appeal on remand, I believe the multiple applications Owens did file containing so many claims and so lacking in factual support or legal basis were frivolous and an abuse of process.  I do not believe the decisions cited in the dissent trump our jurisprudence on misuse of process.

[¶34] Because the application in this case is a misuse of process the trial court could deny the application for relief.  The majority opinion affirms the district court order dismissing the application and I concur in that result.

[¶35] Gerald W. VandeWalle, C.J.

William A. Neumann

Kapsner, Justice, dissenting.

[¶36] I respectfully dissent.  Under 
Roe v. Flores-Ortega
, 120 S. Ct. 1029 (2000), Owens should be afforded an evidentiary hearing to determine whether his representation was constitutionally ineffective because of counsel’s failure to file an appeal.  Therefore, I would reverse the trial court’s grant of summary judgment in favor of the State, remanding with instructions to hold an evidentiary hearing to ascertain whether Owens in fact instructed his attorney to file an appeal.

[¶37] In 
Flores-Ortega
, the defendant requested counsel, but his attorney failed to file a timely notice of appeal.  120 S. Ct. at 1033.  The Court stated the proper framework for evaluating a claim of ineffective assistance of counsel for failing to file an appeal is found in 
Strickland v. Washington
, 466 U.S. 668 (1984).  
Flores-Ortega
, at 1034.  Under 
Strickland
’s two-pronged test, the defendant must show:  (1) counsel’s representation fell below an objective standard of reasonableness, and (2) counsel’s deficient performance prejudiced the defendant.  
Flores-Ortega
, at 1034 (citing 
Strickland
, 466 U.S. at 668, 694).  The Court stated it had long held that an attorney who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.  
Flores-Ortega
, at 1035.  Counsel’s failure to file a requested appeal cannot be considered a strategic decision; rather, because filing is purely a ministerial task, failing to file shows counsel’s inattention to the defendant’s wishes.  
Id.

[¶38] Under the second 
Strickland
 prong, a defendant ordinarily is required to prove prejudice by showing “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.”  
Flores-Ortega
, 120 S. Ct. at 1037 (quoting 
Strickland
, 466 U.S. at 694).  This is because judicial proceedings are entitled to a “strong presumption of reliability” in arriving at an outcome, including a finding of guilt.  
Id.
 (quoting 
Strickland
, at 696). When a defendant alleges mere attorney error, the defendant must demonstrate prejudice by showing the errors actually had an adverse effect on the defense so as to undermine the reliability of a finding of guilt.  
Id.
 (citing 
United States v. Cronic
, 466 U.S. 648, 659 n.26 (1984); 
Strickland
, at 693).  However, when counsel’s deficient performance deprived a defendant of a part of the judicial proceedings, such as an appeal he wanted and to which he had a right, there is a presumption of prejudice and no specific showing of prejudice is required.  
Flores-Ortega
, 120 S. Ct. at 1038.  “Put simply, we cannot accord any ‘presumption of reliability’ to judicial proceedings that never took place.”  
Id.
 (quoting 
Smith v. Robbins
, 120 S. Ct. 746, 764-65 (2000)). Therefore, the Court held that when counsel’s constitutionally deficient performance deprives a defendant of an appeal he otherwise would have taken, the defendant has made out a successful claim of ineffective assistance of counsel entitling him to an appeal.  
Flores-Ortega
, at 1039.

[¶39] The 
Flores-Ortega
 Court reasoned it is unfair to require an indigent, perhaps pro se, defendant to demonstrate his hypothetical appeal might have had merit before his attorney has ever reviewed the record in search of potentially meritorious grounds for appeal.  
Id.
 at 1040.  Thus, the defendant is only required to demonstrate that, but for counsel’s deficient conduct, he would have appealed.  
Id.
; 
see also
 
Rodriquez v.
 
United States
, 395 U.S. 327, 329-30 (1969) (granting a new appeal when counsel failed to file a requested appeal, without requiring the defendant to make any further showing of some likelihood of success on appeal, because defendants “should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings”); 
Peguero v. United States
, 526 U.S. 23, 28 (1999) (affirming that when counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing his appeal would likely have had merit).

[¶40] In light of the holding in 
Flores-Ortega
, Owens is entitled to an evidentiary hearing regarding his claim of ineffective assistance of counsel based upon Martin’s alleged failure to comply with Owens’ request for a direct appeal.  In Owens’ affidavit supporting his 3/14/00 application for post-conviction relief, Owens testified he requested Martin to appeal the conviction at their first meeting.  Owens asserted he repeated his request to Martin on the day of sentencing, asking for an appeal of both the conviction and the sentence.  Owens also informed the trial court in his May 16, 1996 letter that he had “every intention on appealing.”  Owens claims he would have received the trial transcripts if his attorney had complied with Owens’ request for a direct appeal, but since his attorney ignored his request for a direct appeal, Owens was put in a “Catch 22”:  he had the burden of proving his attorney was ineffective, yet he could not prove his case because his attorney was ineffective.  Owens argued that because his attorney had no record to review, the attorney was in no position to give advice to Owens about his case.
(footnote: 1)
[¶41] Owens’ case is precisely the situation which the 
Flores-Ortega
 Court forecast would unfairly require an indigent, pro se defendant to demonstrate his hypothetical appeal might have had merit before his attorney has ever reviewed the record in search of potentially meritorious grounds for appeal.  120 S. Ct. at 1040.  Owens referred to the situation as a Catch 22, and we also acknowledged the “dilemma” in which indigent applicants for post-conviction relief may find themselves when trying to prove ineffective assistance of counsel.  
Owens v. State
, 1998 ND 106, ¶ 32, 578 N.W.2d 542 (concluding Owens, as an indigent applicant for post-conviction relief, had a constitutional right to a free trial transcript only by showing he was prejudiced because he would be deprived of an adequate opportunity to present his claims fairly without the transcript).  However, Owens is presumptively prejudiced if Owens requested Martin to appeal, but Martin failed to file an appeal, thereby entirely depriving Owens of his right to direct appeal.  
See
 
Flores-Ortega
, 120 S. Ct. at 1038; 
see also
 N.D.C.C. § 29-28-03 (providing appeals to the supreme court may be taken as a matter of right).  Owens’ affidavits testifying to his requests for Martin to file an appeal raise a genuine issue of material fact precluding summary disposition.  
See
 
Hopfauf v. State
, 1998 ND 30, ¶ 4, 575 N.W.2d 646; 
see also
 N.D.C.C. § 29-32.1-

09(1) (authorizing summary disposition if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law).  The trial court erred in denying Owens an evidentiary hearing to determine whether Owens in fact requested Martin to appeal.

[¶42] The majority affirms the trial court’s summary disposition of Owens’ 3/14/00 application for post-conviction relief, concluding the “lengthy history” of this case establishes Owens had numerous opportunities in previous post-conviction proceedings but inexcusably failed to raise the issue of Martin’s failure to follow Owens’ request to appeal his conviction.  I appreciate the position of the majority that N.D.C.C. § 29-32.1-12(3) and our jurisprudence interpreting that statute have made it clear multiple post-conviction hearings are not to be invited or tolerated.  
See, e.g.
, 
Clark v. State
, 1999 ND 78, ¶¶ 21-22, 593 N.W.2d 329 (indicating we will not weaken the integrity of the criminal justice system by allowing subterfuge under the guise of a post-conviction application used as an intricate scheme to delay, prolong, or otherwise manipulate the system to a defendant’s perceived advantage).  Further, a defendant who files multiple motions, identifying multiple issues, often obscures the genuine issue in a blizzard of paperwork.  
See
 
Berlin v. State
, 2000 ND 206, ¶ 6 n.1, 619 N.W.2d 623 (stating numerous proceedings do not benefit, and may harm, the cause of an applicant for post-conviction relief).

[¶43] However, the reason the lengthy history of Owens’ case cannot be used to deny relief now is that much of that history was controlled by Martin, the attorney who, Owens alleges, failed to file his requested appeal.  Martin was the third attorney appointed to represent Owens.  Martin was his attorney at the time of sentencing and for his 1/20/97 application for post-conviction relief.  When Owens filed several pro se motions and a pro se application for post-conviction relief with the trial court, he was admonished to confer and cooperate with his court-appointed attorney.  Yet this attorney, Martin, did not file the allegedly requested appeal.

[¶44] In granting summary judgment for the State regarding Owens’ 3/14/00 application for post-conviction relief, the trial court indicated all the issues “have been previously reviewed at the trial level and by the North Dakota Supreme Court. . . . Nothing has changed.”  However, never in the lengthy history of this case has the trial court squarely addressed Owens’ claims that either Runge or Martin refused his requested appeal or failed to file a direct appeal.  In fact, Owens did raise the issue in his pro se 6/24/97 application, stating:  “Petitioner was denied the right to appeal the conviction to the Supreme Court for review, attorney states there was no grounds for appeal.”  The trial court denied this 6/24/97 application, finding the prior decision and order regarding the 1/20/97 application were “still applicable” and Owens’ claims “are still meritless,” notwithstanding the 1/20/97 application—prepared with the assistance of Martin—did not raise the issue of Runge’s or Martin’s failure to appeal.  Although the 1/20/97 application did not assert this claim, Owens, acting pro se, filed a Notice of Appeal and requested this Court to hold the appeal in abeyance to permit him to assert additional claims to the trial court which he asserted Martin failed to include despite his requests.  We permitted a remand for this purpose, and on remand his amended 6/24/97 application did include the quoted language regarding the denial of an appeal.

[¶45] Moreover, on appeal to this Court, we affirmed the trial court’s refusal to grant Owens an evidentiary hearing on his 6/24/97 application because his “arguments are variations of his previously rejected claim of ineffective assistance of counsel.”  
Owens
, 1998 ND 106, ¶ 42, 578 N.W.2d 542.  We also dismissed Owens’ allegations the trial court should have treated his letter to the court as a notice of direct appeal and his claims of ineffective assistance of Martin in presenting the 1/20/97 application.  
Id.
 at ¶¶ 49-50.  We reasoned these issues were not raised in Owens’ pro se 6/24/97 application.  
Id.
 at ¶ 50.  However, Owens did raise the issue of being denied his allegedly requested appeal in his 6/24/97 application, stating:  “[A]ttorney states there was no grounds for appeal.”

[¶46] Therefore, Owens’ claim in his 3/14/00 post-conviction relief application that Martin refused to file Owens’ requested direct appeal is not, as the majority holds, “simply a variation of his previous arguments.”  Owens has never been able to get the attention of either the trial court or this Court to this specific claim in the first instance; thus, there is no misuse of the post-conviction process and no inexcusable failure to raise this argument in prior post-conviction proceedings.

[¶47] For the above reasons, I would remand, instructing the trial court to hold an evidentiary hearing to ascertain whether Owens in fact instructed Martin to file a direct appeal.  If so, Martin’s failure to appeal is professionally unreasonable, under the first prong of the 
Strickland
 test.  
See
 
Flores-Ortega
, 120 S. Ct. at 1035; 
Strickland
, 466 U.S. at 694.  Under the second prong of 
Strickland
, prejudice is presumed if counsel’s constitutionally deficient performance deprived Owens of an appeal he otherwise would have taken.  
See
 
Flores-Ortega
, at 1039; 
Strickland
, at 694.  If the evidentiary hearing discloses such facts, Owens has made out a successful claim of ineffective assistance of counsel entitling him to a direct appeal.  
See
 
Flores-Ortega
, at 1039.

[¶48] Carol Ronning Kapsner

Mary Muehlen Maring

FOOTNOTES
1:    
Kitchen v. United States
, 227 F.3d 1014 (7th Cir. 2000), contrary to the position of the majority, is in accord.  In 
Kitchen
, the defendant 
had
 a direct appeal of his conviction and sentence.  He had “the benefit of a lawyer’s services in constructing potential appellate arguments.”  
Id.
 at 1021, citing 
Castellanos v. United States
, 26 F.3d 717, 720 (7th Cir. 1994).  The missing appeal for which the Seventh Circuit found no showing of prejudice was a separate appeal from the denial of a motion for new trial.