STATE of North Dakota, Plaintiff and Appellee,

v.

Kent L. JOHNSON, Defendant and Appellant.

Cr. No. 930214.

Supreme Court of North Dakota.

Jan. 18, 1994.

Douglas Leif Mattson, State's Atty., Minot, for plaintiff and appellee. Submitted on briefs.

Kent L. Johnson, pro se.

VANDE WALLE, Chief Justice.

Kent L. Johnson pleaded guilty to two class B felonies, count one for Misapplication of Entrusted Property, and count two for Offering For Sale or Selling Securities as a Non-registered Dealer or Salesman. On April 14, 1992, the trial court sentenced Johnson on both counts. On count one the court sentenced Johnson to the State Penitentiary for five years, commencing April 3, 1992. The court suspended two years of the sentence and placed Johnson on supervised probation for the entire five-year period. On count two the court imposed a consecutive sentence, confining Johnson to the State Penitentiary for five years commencing April 3, 1997. The court suspended the entire five-year sentence and placed Johnson on supervised probation for five years, commencing April 3, 1997.

Johnson filed a motion under Rule 35(a), N.D.R.Crim.P. for correction of sentence. Johnson argued that the sentence was illegal because the supervised probation exceeded the maximum probationary period allowed under Section 12.1–32–06.1, N.D.C.C. The trial court denied Johnson's motion for correction of sentence, and Johnson filed this appeal.[1]

Johnson argues that under Section 12.1–32–06.1, N.D.C.C., his supervised probation cannot extend beyond five years from the later of the following three dates: (1) April 14, 1992, the date the supervised probation was imposed by the trial court; (2) the date Johnson is released from incarceration; or (3) the date Johnson's parole is terminated. He argues that the probation imposed by the court in sentencing Johnson on count two exceeds this statutory limitation. The State has failed to present a contrary argu-

1. Judge Dennis Schneider heard the Rule 35 motion by assignment and was not the judge who imposed the original sentence.

ment to Johnson's position. Rather, the State concedes on appeal that the probationary period is excessive and concurs with Johnson's request for correction of the sentence. Because the State concurs in Johnson's claim for relief, and because Johnson's legal argument is not on its face unreasonable in light of the wording of Subsection 12.1–32–06.1(1), N.D.C.C.,[2] we conclude that he should be granted the relief he has requested. In correcting Johnson's sentence under these unique circumstances, we establish no precedent for the interpretation of Section 12.1–32–06.1, N.D.C.C.

Under Rule 35(d), N.D.R.App.P., this court has authority to modify an appealed order. Because the reduction of sentence in this case does not require any discretionary determination by the trial court, it is appropriate for this court to modify the sentence, rather than remand the case for modification by the trial court. *State v. Stevens,* 19 N.D. 249, 123 N.W. 888 (1909); *State v. Wisnewski,* 13 N.D. 649, 102 N.W. 883 (1905).

Johnson's sentence on count two is amended to provide that the period of supervised probation terminates five years from the later of the following three dates; (1) April 14, 1992; (2) the date Johnson is released from incarceration; or (3) the date Johnson's parole is terminated.

ORDER DENYING MOTION FOR CORRECTED SENTENCE REVERSED AND SENTENCE MODIFIED.

SANDSTROM, MESCHKE and LEVINE, JJ., and RALPH J. ERICKSTAD, Surrogate Justice.

RALPH J. ERICKSTAD, Surrogate Justice, sitting in place of NEUMANN, J., disqualified.

---

**2.** This subsection provides:

"1. Except as provided in this section, the length of the period of probation imposed in conjunction with a sentence to probation or a suspended execution or deferred imposition of sentence may not extend for more than five years for a felony and two years for a misdemeanor or infraction from the later of the date of:

"a. The order imposing probation;

"b. The defendant's release from incarceration; or

"c. Termination of the defendant's parole."