1997 ND 235

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kent L. JOHNSON, Defendant and Appellant.**

**Criminal No. 970242.**

Supreme Court of North Dakota.

Dec. 8, 1997.

Rozanna C. Larson (argued), Assistant State's Attorney, Minot, for plaintiff and appellee.

Kent L. Johnson, pro se, Fargo, for defendant and appellant. Submitted on brief.

MESCHKE, Justice.

[¶ 1] Kent Johnson appealed an order denying his second motion under N.D.R.Crim.P. 35(a) for correction of his probationary sentences. We affirm.

[¶ 2] On April 14, 1992, Johnson plead guilty to two class B felonies. On count one for misapplication of entrusted property, the trial court sentenced him to five years imprisonment with two years suspended during five years supervised probation. After giving Johnson partial credit for a federal sentence imposed on April 2, 1992, the trial court set this sentence to begin on April 3, 1992. On count two for offering or selling securities as a nonregistered salesman, the court sentenced Johnson to five years imprisonment but suspended it and placed him on supervised probation to begin on April 3, 1997, consecutive to his sentence on count one.

[¶ 3] On June 2, 1993, Johnson moved under N.D.R.Crim.P. 35(a) for correction of sentence, alleging his sentences to probation were excessive. The trial court denied this motion and Johnson appealed. On appeal, we corrected Johnson's sentence when the prosecution conceded the probationary periods were excessive and joined in Johnson's request for correction of his sentences. *State v. Johnson*, 510 N.W.2d 637 (N.D.1994). Applying NDCC 12.1–32–06.1(1), we directed that Johnson's supervised probation terminate five years after the later of 1) April 14, 1992; 2) the date Johnson was released from incarceration; or 3) the date Johnson's parole was terminated.

[¶ 4] On June 5, 1997, Johnson again moved under N.D.R.Crim.P. 35(a) for correction of sentence, also alleging his probationary sentences were excessive. Specifically, he argued consecutive sentences of probation were contrary to North Dakota law. The trial court denied this motion, too, and Johnson again appealed.

[¶ 5] On this appeal, Johnson argues NDCC 12.1–32–11 requires all sentences of probation to be concurrent, not consecutive. Johnson says the language of NDCC 12.1–32–11 permits the imposition of consecutive sentences for imprisonment, but requires merger of consecutive sentences for probation. The prosecution contends NDCC 12.1–32–11 permits a trial court to impose concurrent or consecutive sentences in its discretion, and does not distinguish between sentences of imprisonment and probation. While we think the State's position is more plausible, we need not interpret NDCC 12.1–32–11 to decide this case. Instead, we conclude the denial of Johnson's second motion for post-conviction relief was proper under NDCC 29–32.1–12(2) because Johnson's argument here was not made in his previous post-conviction challenge to the same probationary sentences.

[¶ 6] An order denying a motion for correction of an illegal sentence under N.D.R.Crim.P. 35(a) is appealable. In *State v. Nace*, 371 N.W.2d 129, 131 (N.D.1985), we held an order denying correction of a sentence was appealable under NDCC 29–28–06(5) because it affected a "substantial right"

of the defendant. *See also State v. Gunwall*, 522 N.W.2d 183, 185 (N.D.1994)(a motion for correction of sentence affects a substantial right and is reviewable).

[¶ 7] Johnson relies upon NDCC 12.1–32–11(1):

> Unless the court otherwise orders, when a person serving a term of commitment imposed by a court of this state is committed for another offense or offenses, the shorter term or the shorter remaining term shall be merged in the other term. When a person on probation or parole for an offense committed in this state is sentenced for another offense or offenses, the period still to be served on probation or parole shall be merged in any new sentence of commitment or probation. A court merging sentences under this subsection shall forthwith furnish each of the other courts previously involved and the penal facility in which the defendant is confined under sentence with authenticated copies of its sentence, which shall cite the sentences being merged. A court which imposed a sentence which is merged pursuant to this subsection shall modify such sentence in accordance with the effect of the merger.

Johnson concedes this statute, as interpreted in *State v. Mees*, 272 N.W.2d 61 (N.D. 1978), authorizes the imposition of consecutive sentences of commitment. *See also State v. Patten*, 353 N.W.2d 26, 29–30 (N.D. 1984) (a trial court has, absent a statute to the contrary, the discretion to impose either concurrent or consecutive sentences of imprisonment). However, Johnson urges this authority extends only to sentences of imprisonment, and does not extend to sentences of probation. Dissecting the statute, Johnson proposes the phrase, "[u]nless the court otherwise orders," modifies only the first sentence on "a term of commitment imposed by a court," and not the second sentence on "probation or parole."

[¶ 8] "[S]tatutes must be construed as a whole to determine the intent of the legislature and [ ] the intent must be derived from the whole statute by taking and comparing every part thereof together." *Mees*, 272 N.W.2d at 64 (citing *City of Fargo v. State*,

260 N.W.2d 333 (N.D.1977)). As *Mees* explained at 64 (citing NDCC 1–02–39), legislative intent should be determined by considering, among the factors, "the common law or former statutory provisions, the statute's connection to other related statutes and the consequences of a particular construction."

[¶ 9] Although the legislative history of NDCC 12.1–32–11 was partially detailed in *Mees*, there is more to that history. That section was first enacted by Senate Bill 2045 in 1973. Originally, subsection 1 directed:

> Separate sentences of commitment imposed on a defendant for two or more offenses constituting a single criminal episode shall run concurrently. Sentences for two or more offenses not constituting a single criminal episode shall run concurrently unless the court specifically orders otherwise.

1973 N.D. Laws, ch. 116, § 31. This subsection was deleted by 1975 N.D. Laws, ch. 116, § 31, and the former subsection 2 became the present subsection 1. The legislative history explained this change:

> The final recommendation of the [Peace Officers] association, accepted by the Committee, was with respect to the section in the new Criminal Code which propounds a philosophy in favor of concurrent sentences, rather than consecutive sentences. The association believes that the Legislature should not set forth a statutory philosophy favoring concurrent sentences, but should leave that determination, i.e., whether sentences are to be concurrent or consecutive, solely in the discretion of the sentencing judge. The Committee is proposing that Subsection 1 of Section 12.1–32–11 be deleted in accordance with the association's recommendations.

1975 Legislative Council Reports at 126. *Compare* NDCC 12–06–24 (1960) and North Dakota Revised Code of 1943 § 12–0624 (each authorizing consecutive or concurrent sentences "in the discretion of the court" when "any person is convicted of two or more crimes before sentence has been pronounced upon him"). This history indicates a clear legislative intention to grant unrestricted discretion to a sentencing court to impose consecutive sentences in every case.

[¶ 10] Johnson challenged the trial court's interpretation of NDCC 12.1–32–11 by moving for "Correction of sentence" under N.D.R.Crim.P. 35(a): "The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." We have previously explained how post-conviction remedies co-exist with procedural motions to collaterally attack a sentence that "exceeds the maximum authorized by law." *Nace*, 371 N.W.2d at 131. *See also DeCoteau v. State,* 504 N.W.2d 552, 556 (N.D.1993) ("While the *Nace* holding about a combined sentence of imprisonment and probation has been superseded by legislation, *see* NDCC 12.1–32–06.1, its holding about challenging an illegal sentence by post-conviction proceedings is still sound."). Thus, if Johnson's sentences were illegal, his remedies included both a motion to correct and a petition for post-conviction relief.

[¶ 11] As with his first effort to correct his probationary sentences, Johnson is again challenging the legality of consecutive probations. This time, he argues NDCC 12.1–32–11 prohibits the imposition of consecutive periods of probation. But in his first and eventually successful effort, Johnson argued that his "sentence was illegal because the supervised probation exceeded the maximum probationary period allowed under Section 12.1–32–06.1, N.D.C.C." *Johnson,* 510 N.W.2d at 637. Thus, Johnson's argument here is simply a variation of his earlier appeal. Both motions claimed his consecutive probationary sentences were illegal because they exceeded the time authorized by law.

[¶ 12] Bringing successive motions on the same issue is a misuse of the post-conviction process. The Uniform Post–Conviction Procedure Act authorizes:

> A court may deny relief on the ground of misuse of process. Process is misused when the applicant:
>
> a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding.

NDCC 29–32.1–12(2). Johnson offers no reason to explain why his motions were repeated. Because Johnson inexcusably failed to raise all his claims about the legality of his consecutive probationary sentences in a single post-conviction proceeding, we conclude he has misused the post-conviction process, and we affirm denial of this repetitious motion.

[¶ 13] This court has previously ruled a defendant is not entitled to repetitious post-conviction relief when the contentions raised on appeal were "simply variations" of previous arguments. *Woehlhoff v. State,* 531 N.W.2d 566, 567 (N.D.1995). In *Woehlhoff* at 567–68 (quoting NDCC 29–32.1–12(2)), relying on a prior opinion of the Court of Appeals, *State v. Woehlhoff,* 515 N.W.2d 192 (N.D.App.1994), we found all of the contentions raised on appeal had been decided before, so that "the trial court's summary denial of post-conviction relief was correct." *See also McMorrow v. State,* 537 N.W.2d 365 (N.D.1995) (concluding the trial court properly denied post-conviction relief for misuse of process because the "petitioner present[ed]

no excuse for the failure to raise the issue [of the constitutionality of the gross sexual imposition statute] earlier"). Here, Johnson's arguments should have been, but were not, raised in Johnson's first post-conviction challenge to the length of his sentences to probation.

[¶ 14] Because the trial court correctly denied, for misuse of process, this second attempt at correcting consecutive probationary sentences, we affirm.

[¶ 15] VANDE WALLE, C.J., MARING and SANDSTROM, JJ., and RICHARD M. GEIGER, District Judge, concur.

[¶ 16] RICHARD M. GEIGER, District Judge, sitting in place of NEUMANN, J., disqualified.