1999 ND 242

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Floyd Solomon MARSHALL, Sr., Defendant and Appellant.**

**Nos. 990151, 990152.**

Supreme Court of North Dakota.

Dec. 22, 1999.

Douglas W. Nesheim, Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, ND, for defendant and appellant. Submitted on brief.

Jennifer L. Thompson, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee. Submitted on brief.

KAPSNER, Justice.

[¶ 1] Floyd Solomon Marshall, Sr., appealed from a district court order denying his motion for correction of sentence. We hold the trial court did not err in determining Marshall was a dangerous special offender under N.D.C.C. § 12.1–32–09(1)(c) (1993). Because Marshall's criminal judgment and commitment indicates he pled guilty to burglary but a jury actually convicted him of accomplice to burglary, we direct the district court to correct that error. We therefore affirm the denial of Marshall's motion for correction of sentence and remand for correction of the clerical error in the judgment.

I

[¶ 2] In December 1993, Marshall was charged with burglary in violation of N.D.C.C. § 12.1–22–02. On March 16, 1994, the State filed a notice of intention to seek dangerous special offender sentencing. The Information was amended in April and May 1994, charging Marshall with accomplice to burglary in violation of N.D.C.C. §§ 12.1–22–02 and 12.1–03–01. On May 20, 1994, a jury convicted Marshall of accomplice to burglary, a class C felony.

[¶ 3] At the sentencing hearing in August 1994, the State argued Marshall should be sentenced as a dangerous special offender under N.D.C.C. § 12.1–32–09(1)(c) (1993). The State presented certified exhibits showing some of Marshall's previous convictions and sentences in Minnesota, including: (1) three years' imprisonment for possession of amphetamines; (2) twenty years' imprisonment for criminal sexual conduct in the first degree; and (3) six months' imprisonment for operating a gambling place. Marshall objected to admission of the exhibits, alleging they were untimely presented. Emphasizing the State's previous filing of the notice of intention to seek dangerous special offender sentencing, the trial court admitted the exhibits. The trial court concluded Marshall was a "persistent offender" who qualified for sentencing as a dangerous special offender under N.D.C.C. § 12.1–32–09(1)(c) "on the conviction of accomplice to burglary."

[¶ 4] On August 18, 1994, the trial court filed a criminal judgment and commitment.

It indicated Marshall had entered a plea of guilty to the offense of burglary, "as charged in the [original] Criminal Information." It also provided the trial court found Marshall was a dangerous special offender under N.D.C.C. § 12.1–32–09(1)(c) and sentenced him to 10 years' imprisonment with two years suspended. The judgment and commitment was later amended to provide Marshall credit for previous custody time.

[¶ 5] In April 1999, Marshall moved for correction of his sentence, alleging the trial court erred in sentencing him as a dangerous special offender. Marshall argued the evidence did not show he was likely to engage in dangerous criminal behavior in the future. On April 28, 1999, the district court denied the motion. Marshall appealed.

## II

[¶ 6] Marshall contends the trial court erred in determining Marshall was a dangerous special offender. Under N.D.C.C. § 12.1–32–09 (1993) [1]:

1. A court may sentence a convicted offender to an extended sentence as a dangerous special offender in accordance with the provisions of this section upon a finding of any one or more of the following:

. . . .

c. The convicted offender is a persistent offender. The court shall not make such a finding unless the offender is an adult and has previously been convicted in any state or states or by the United States of two felonies of class B or above, or of one class B felony or above plus two offenses potentially punishable by imprisonment classified below class B felony, committed at different

times when the offender was an adult. For the purposes of this subdivision, a felony conviction in another state or under the laws of the United States shall be considered a felony of class B or above if it is punishable by a maximum term of imprisonment of ten years or more.

[¶ 7] Marshall qualifies as a dangerous special offender under N.D.C.C. § 12.1–32–09(1)(c) (1993). The State's exhibits show Marshall was sentenced to twenty years' imprisonment for criminal sexual conduct in the first degree, "one class B felony or above." They also show he was convicted and given prison sentences for possession of amphetamines and operating a gambling place, "two offenses potentially punishable by imprisonment classified below class B felony." Each of the offenses occurred at different times during Marshall's adulthood.

[¶ 8] Although Marshall contends the trial court should have conducted a separate hearing to determine whether he was a dangerous special offender, we have previously rejected that contention. In *State v. Wells,* 276 N.W.2d 679 (N.D.1979), we interpreted "dangerous special offender" under N.D.C.C. § 12.1–32–09(1).[2] We explained "[t]here is no separate definition or requirement of a finding that a dangerous defendant is one requiring a period of confinement longer than that provided for the ordinary offender to protect the public from further criminal conduct by the defendant." Rather, "the term 'dangerous special offender' in § 12.1–32–09, NDCC, is a generic term referring to all five categories of defendants set out in subsection (1) of the statute." *Id.* at 687. Further, in *State v. Jensen,* 333 N.W.2d 686, 696 (N.D. 1983), we rejected the defendant's contention N.D.C.C. § 12.1–32–09(1) required a dangerous special offender hearing inde-

1. The 1993 version of the statute is applicable here because it was in effect at the time Marshall committed the crime. *See State v. Burr,* 1999 ND 143, ¶¶ 10–11, 598 N.W.2d 147 (explaining a statute cannot be retroactively applied if it would increase the punishment for an existing crime).

2. The categories of dangerous special offenders under the version of N.D.C.C. § 12.1–32–09(1) applicable in *Wells* are the same as the categories in N.D.C.C. § 12.1–32–09(1) (1993).

pendent from a sentencing hearing. We reasoned "it is clear that the statute does not specifically require that two distinct and separate hearings be held" and there was "no valid reason for imposing such a requirement whenever the provisions of the dangerous special offender statute have been invoked." *Id.*

[¶ 9] Marshall also argues he was not given a sufficient opportunity to rebut the State's exhibits. We disagree. Under N.D.C.C. § 12.1–32–09(3) (1993), a prosecutor "at a reasonable time before trial . . . may sign and file with the court, and may amend, a notice specifying that the defendant is a dangerous special offender who upon conviction for such felony is subject to the imposition of [an extended] sentence." Here, the State filed a notice of intention to seek dangerous special offender sentencing on March 16, 1994. In its notice, the State reasoned Marshall was a persistent offender under N.D.C.C. § 12.1–32–09(1)(c) (1993), eligible for an extended sentence of ten years' imprisonment. The State included a copy of Marshall's criminal record. The State's actions complied with N.D.C.C. § 12.1–32–09(3) (1993).

[¶ 10] We conclude the trial court did not err in determining Marshall was a dangerous special offender under N.D.C.C. § 12.1–32–09(1)(c) (1993) and imposing an extended sentence of ten years' imprisonment with two years suspended. *See* N.D.C.C. § 12.1–32–09(2)(c) (1993) (providing "[i]f the offense for which the offender is convicted is a class C felony, the court may impose a sentence up to a maximum of imprisonment for ten years").

## III

[¶ 11] Pointing out a jury convicted him of accomplice to burglary but the judgment and commitment incorrectly indi-cates he pled guilty to burglary, Marshall seeks an order requiring the trial court to correct the record.[3] Under N.D.R.Crim.P. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

[¶ 12] Here, there is a clerical error in the judgment that was likely due to an oversight by the trial court. The jury verdict form indicates Marshall was found guilty of "accomplice to burglary as charged in the Second Amended Criminal Information." During the ·sentencing hearing, the trial court acknowledged Marshall was convicted of accomplice to burglary. However, the judgment and commitment provide there was a "plea of guilty to the offense of: count one: burglary" "as charged in the [original] Criminal Information."[4] The criminal judgment and commitment should accurately reflect the proceedings. We remand for that purpose.

## IV

[¶ 13] Because the trial court did not err in determining Marshall was a dangerous special offender under N.D.C.C. § 12.1–32–09(1)(c) (1993), we affirm the denial of Marshall's motion for correction of sentence. We also remand and direct the trial court to correct the clerical error in the judgment and commitment.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., concur.

---

3. Marshall concedes "it appears from the record that [he] did not expressly ask the trial court to correct the errors in the Criminal Judgment and Commitment." However, his failure to raise the error at the trial court does not preclude correction under N.D.R.Crim.P. 36.

4. The original criminal judgment and commitment, the amended criminal judgment and commitment, and the second amended criminal judgment and commitment each contain the error.