2001 ND 18

**David R. BARRERA, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20000195.

Supreme Court of North Dakota.

Feb. 2, 2001.

Steven Balaban, Bismarck, ND, for petitioner and appellant.

Cynthia Mae Feland, Assistant State's Attorney, Burleigh County Courthouse, Bismarck, ND, for respondent and appellee.

MARING, Justice.

[¶ 1] David Barrera appeals from a trial court's orders, denying his application for post-conviction relief and denying his motion for reconsideration. Under N.D.R.Crim.P. 32(c)(4)(B), Barrera argues he was denied the opportunity to

adequately review his presentence investigation report prior to his sentencing.[1] Barrera failed to raise this issue in his previous application for post-conviction relief. We have previously concluded "it is a misuse of process to raise issues on subsequent post-conviction applications that could have been raised in the initial application." *Clark v. State*, 1999 ND 78, ¶ 19, 593 N.W.2d 329. *See also Silvesan v. State*, 1999 ND 62, ¶ 9, 591 N.W.2d 131; *State v. Johnson*, 1997 ND 235, ¶ 12, 571 N.W.2d 372; *McMorrow v. State*, 537 N.W.2d 365 (N.D.1995). We affirm the trial court's orders.

[¶ 2]   VANDEWALLE, C.J., McCLINTOCK, D.J., NEUMANN, KAPSNER, MARING. JJ., concur.

[¶ 3]   The Honorable McCLINTOCK, D.J., sitting in place of SANDSTROM, J., disqualified.

---

1.   "Any disclosure to the defendant of the presentence investigation report ... must occur at least 10 days before sentence is imposed unless this minimum period is waived by the defendant." N.D.R.Crim.P. 32(c)(4)(B). Under this rule, it is clearly the better practice for the trial court to expressly ask the defendant personally to waive the minimum ten-day period in open court, if a defendant has not received his presentence investigation report at least ten days prior to sentencing.