2004 ND 116

**Danielle GREYBULL, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20040040.

Supreme Court of North Dakota.

June 3, 2004.

Todd A. Schwarz (on brief), Bismarck,
N.D., for petitioner and appellant.

Cynthia Mae Feland (on brief), Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Danielle Greybull appealed from a trial court order denying her application for post-conviction relief. We hold Greybull failed to demonstrate that the prosecutor's notice of intent to enhance her sentence under the special dangerous offender statute was not filed within a reasonable time prior to the trial or that Greybull was prejudiced by a late filing of the notice. We further hold that it was harmless error, under the circumstances of this case, when the trial court imposed an enhanced sentence without having the jury find the predicate facts supporting the enhanced sentence, and we affirm.

## I

[¶ 2] In 1997, Greybull was convicted of manslaughter in the stabbing death of Charlene Yellow Bear. The trial court found Greybull to be a dangerous special offender under N.D.C.C. § 12.1–32–09 and sentenced her to the maximum of 20 years in prison. The conviction and sentence were affirmed by this Court in *State v. Greybull*, 1998 ND 102, ¶ 30, 579 N.W.2d 161. Greybull previously filed two applications for post-conviction relief which were denied. In this third petition for post-conviction relief, Greybull raises two issues on appeal. First, she asserts the *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) decision of the United States Supreme Court should be retroactively applied to her case. Secondly, she asserts the prosecutor did not file a timely notice of intent to enhance the sentence. The trial court, without hearing, denied the application. Our review of a summary denial of post-conviction relief is like the review of an appeal from a summary judgment. *Vandeberg v. State*, 2003 ND 71, ¶ 5, 660 N.W.2d 568. For summary disposition, the movant bears the burden of showing that there is no dispute to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law. *Id.*

## II

[¶ 3] Section 12.1–32–09(3), N.D.C.C., requires the prosecutor "at a reasonable time before trial or acceptance by the court of a plea of guilty" to sign and file with the court a notice specifying that the defendant is a special dangerous offender subject to an enhanced sentence under the provisions of the statute. The prosecutor in this case filed such notice 20 days before commencement of the trial. Greybull asserts the prosecutor's notice did not meet the "reasonable time" requirement of the statute.

[¶ 4] In *State v. Marshall*, 1999 ND 242, ¶ 9, 603 N.W.2d 878, this Court rejected the defendant's argument that he was not given a sufficient opportunity to rebut the State's exhibits for sentencing him as a special dangerous offender, where the State filed a notice of intention to seek special dangerous offender sentencing about two months prior to the defendant's conviction. Although the State's notice in this case was filed only 20 days before commencement of Greybull's trial, Greybull has made no assertion or showing how she was prejudiced by the notice not having been filed earlier. In circumstances involving similar notice requirements, providing notice of less than 20 days before commencement of a criminal trial has been deemed sufficient to constitute timely notice and not reversible error. *See State v. Jensen*, 333 N.W.2d 686, 695–96 (N.D.

1983); *see also United States v. McCarthy,* 97 F.3d 1562, 1580 (8th Cir.1996).

[¶ 5] Issues not raised by an applicant for post-conviction relief during the criminal trial, sentencing, on direct appeal, or in prior applications for post-conviction relief are properly dismissed for abuse of process, absent any showing of excuse for failure to timely raise such issues. *Steinbach v. State,* 2003 ND 46, ¶ 8, 658 N.W.2d 355; *Barrera v. State,* 2001 ND 18, ¶ 1, 621 N.W.2d 880. Greybull did not raise this issue on her direct appeal nor did she raise it in her previous applications for post-conviction relief. Greybull has not made any showing of excuse or justification for her failure to raise this issue in those prior proceedings. We, therefore, conclude Greybull's failure to raise this issue until this belated point is an abuse of process. N.D.C.C. § 29–32.1–12.

### III

[¶ 6] In *Apprendi,* the United States Supreme Court held that a fact used to enhance a criminal sentence beyond the statutory maximum for the crime committed must be decided by a jury, not the court, beyond a reasonable doubt. It is undisputed, that the *Apprendi* decision announced a new constitutional rule, but the Court did not address the issue of whether its holding should be applied retroactively.

[¶ 7] In *Teague v. Lane,* 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the United States Supreme Court held that a new constitutional rule of criminal procedure is not to be applied retroactively to cases on collateral review of final judgments of conviction unless the rule falls within one of two narrow exceptions: (1) when the new rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or (2) when the new rule is a watershed rule of criminal procedure whose non-application would seriously diminish the likelihood of an accurate conviction or which requires the observance of procedures that are implicit in the concept of ordered liberty. Using the *Teague* analysis, the federal courts are divided on the question of whether the *Apprendi* rule should be applied retroactively in cases involving collateral review of a conviction.

[¶ 8] Greybull asserts the *Apprendi* rule should be retroactively applied to her case, and she urges this Court to remand for a jury determination whether the facts support an enhanced sentence under N.D.C.C. § 12.1–32–09. Although this Court has not decided whether *Apprendi* should be applied retroactively in cases involving collateral review of a conviction, we have held that failure to retroactively apply *Apprendi* can constitute harmless error beyond a reasonable doubt under certain circumstances. *Clark v. State,* 2001 ND 9, ¶ 9, 621 N.W.2d 576.

[¶ 9] The defendant in *Clark* was convicted of shooting and killing another man. The trial court enhanced Clark's sentence under N.D.C.C. § 12.1–32–09. On appeal from a denial of his request for post-conviction relief, Clark argued the *Apprendi* doctrine should be applied retroactively and the jury allowed to determine whether his sentence should be enhanced under the special dangerous offender statute. In rejecting Clark's argument this Court reasoned:

It is well-established an appellate court need not address questions, the answers to which are unnecessary to the determination of an appeal. *State v. Evans,* 1999 ND 70, ¶ 17, 593 N.W.2d 336. We conclude we do not need to resolve at this time the issue of retroactive application of *Apprendi.* Even if

the rule announced in *Apprendi* were to be applied retroactively, under the circumstances of this case, failure to apply it would constitute only harmless error.

. . . .

The only predicate fact necessary for the court's imposition of an enhanced sentence was that Clark used a firearm in committing the crime. Clark concedes the use of a firearm in committing the crime. His only defense at trial was that he was acting in self-defense. . . . We conclude, therefore, any error in failing to submit the enhanced sentencing fact issues to the jury for consideration is harmless beyond a reasonable doubt. Harmless error is disregarded by the court. *State v. Mondo*, 325 N.W.2d 201, 203 (N.D.1982); N.D.R.Crim.P. 52(a).

*Clark*, 2001 ND 9, ¶¶ 9, 16, 621 N.W.2d 576. Under the circumstances in *Clark*, this Court held that failure to have a jury determine the predicate facts underlying the use of the special dangerous offender statute was, at most, harmless error beyond a reasonable doubt.

[¶ 10] The facts in this case are substantively identical to those in *Clark* and its holding is dispositive. The one category of offenders deemed, per se, dangerous is the category of offenders who use firearms, dangerous weapons, or destructive devices in the commission of an offense. *State v. Wells*, 265 N.W.2d 239, 245 (N.D. 1978). Greybull used a dangerous weapon, *i.e.* a knife, to kill her victim. Greybull's defense at her trial was that she was acting in self-defense. The only predicate fact upon which Greybull's sentence has been enhanced under the special dangerous offender statute is that she used a dangerous weapon to commit her crime. That fact was never in dispute. Following our rationale in *Clark*, we hold the failure to apply *Apprendi* retroactively to this case and to have a jury determine the predicate facts underlying the enhanced

sentence is, at most, harmless error beyond a reasonable doubt.

## IV

[¶ 11] We hold Greybull's failure to show any excuse for not raising the issue of untimely notice of intent to enhance her sentence under the special dangerous offender statute in prior proceedings makes raising the issue now an abuse of process. We further hold the failure to retroactively apply the *Apprendi* doctrine to this case, if error, is harmless error beyond a reasonable doubt. We, therefore, affirm the order denying Greybull's application for post-conviction relief.

[¶ 12] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN and MARY MUEHLEN MARING, JJ., concur.