2005 ND 186

**Lucas HOFF, Plaintiff and Appellant**

v.

**Stacy FITTERER, f/k/a Stacy Hoff, Defendant and Appellee.**

**No. 20050088.**

Supreme Court of North Dakota.

Nov. 9, 2005.

Eugene F. Buresh, Reichert, Herauf & Buresh, Dickinson, N.D., for plaintiff and appellant.

Mary E. Nordsven, Hardy, Maus & Nordsven, P.C., Dickinson, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] Lucas Hoff appealed from an amended judgment denying a motion to reduce his child support obligation. We hold the trial court erred, as a matter of law, in not following the child support guidelines for imputing income, and we reverse and remand for recalculation of Hoff's child support obligation.

## I

[¶ 2] Hoff and Stacy Fitterer were divorced on June 16, 1998. At that time, Fitterer was awarded custody of the parties' three minor children, and Hoff agreed to pay child support of $600 per month. On August 1, 2000, an Amended Judgment was entered reducing Hoff's child support obligation to $350 per month. On January 29, 2004, the Southwest Area Child Support Enforcement Unit, on Hoff's behalf, filed a motion requesting the court to further reduce Hoff's child support obligation to $232 per month. In support of the motion, the Enforcement Unit submitted Hoff's tax returns for five years showing that as a farmer-rancher he had average annual earnings of $5,683. However, the Enforcement Unit asserted that Hoff was underemployed and, therefore, wages of $10,320 per year should be imputed to him under the child support guidelines. Hoff did not object to the Enforcement Unit's assertion that he was underemployed or that wages should be imputed to him, resulting in a child support obligation of $232 per month. The trial court found the evidence of Hoff's income was not credible and denied the motion to reduce Hoff's support obligation.

## II

[¶ 3] On appeal, Hoff asserts the trial court's findings are clearly erroneous and the court erred in denying the Enforcement Unit's motion to reduce Hoff's child support obligation.

[¶ 4] Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion review. *Dvorak v. Dvorak*, 2005 ND 66, ¶ 25, 693 N.W.2d 646. A court errs as a matter of law when it fails to comply with the requirements of the child support guidelines in determining an obligor's child support obligation. *Minar v. Minar*, 2001 ND 74, ¶ 10, 625 N.W.2d 518. Under the child support guidelines, an obligor's ability to pay child support is not determined solely upon actual income, but also takes into account the obligor's earning capacity. *Id.* at ¶ 11.

[¶ 5] The Enforcement Unit introduced evidence that Hoff is underemployed as a farmer-rancher, and Hoff did not dispute that assertion by the Enforcement Unit. The trial court implicitly found that Hoff is underemployed, stating in its order denying the motion for reduction of the support obligation:

It's apparent to me that [Hoff] can liquidate personal property, cash rent his real property, work only marginally and have vastly more personal income with which to support his children.

[¶ 6] The method for computing a support obligation when the obligor is underemployed is provided in N.D. Admin. Code § 75–02–04.1–07(3):

3. Except as provided in subsections 4, 5, and 9, gross income based on earning capacity equal to the greatest of subdivisions a through c, less actual gross earnings, must be imputed to an obligor who is unemployed or underemployed.

    a. A monthly amount equal to one hundred sixty-seven times the hourly federal minimum wage.

    b. An amount equal to six-tenths of prevailing gross earnings in the community of persons with similar work history and occupational qualifications.

    c. An amount equal to ninety percent of the obligor's greatest average gross monthly earnings, in any twelve consecutive months beginning on or after thirty-six months

before commencement of the proceeding before the court, for which reliable evidence is provided.

Under this guideline, the subsection resulting in the greatest imputed income must be used. *Buchholz v. Buchholz*, 1999 ND 36, ¶ 14, 590 N.W.2d 215.

[¶ 7] The Enforcement Unit imputed income using the federal minimum wage standard under subsection (a). Although Fitterer did not file a cross-appeal, she argues the guidelines required the court to impute income to Hoff under subsection (c) of N.D. Admin. Code § 75–02–04.1–07(3). According to the unrefuted income tax records introduced by the Enforcement Unit, Hoff's gross income in 2001 was $18,696. Under subsection (c), Hoff's support obligation should be determined by using 90% of his 2001 earnings, which are the greatest average gross monthly earnings that he had in a 12 month period beginning on or after 36 months before commencement of these proceedings. The appropriate calculations under subsection (c) would result in a child support obligation of $418 per month. Based upon the unrefuted evidence of Hoff's gross income and the uncontested assertion by the Enforcement Unit that Hoff is underemployed, we conclude the trial court erred, as a matter of law, in failing to correctly apply the guidelines in determining Hoff's imputed income.

[¶ 8] The guidelines require Hoff's gross income be based upon earning capacity "equal to the greatest of subdivisions a through c" under N.D. Admin.Code § 75–02–04.1–07(3). The court was required to impute income based upon subsection (c) and Hoff's gross income in 2001 of $18,696. This case must, therefore, be reversed and remanded for a recalculation of Hoff's support obligation in accordance with the guidelines for imputed income.

## III

[¶ 9] Other issues raised by Hoff on appeal are not necessary to resolution of this case and need not be addressed. An appellate court need not address questions, the answers to which are unnecessary to the determination of an appeal. *Greybull v. State*, 2004 ND 116, ¶ 9, 680 N.W.2d 254. The amended judgment is reversed and the case is remanded for recalculation of Hoff's child support obligation.

[¶ 10] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.